**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| **E.C., by and through his parent, TONESHIA C., and TONESHIA C.,**<br><br>***Plaintiffs,***<br><br>**v.**<br><br>**WALTON COUNTY SCHOOL DISTRICT, and TARA GEISER,**<br><br>***Defendants.*** | **CIVIL ACTION NO. 3:25-cv-00158-TES** |

**ORDER**

On October 6, 2025, Plaintiffs E.C., by and through his parent, Toneshia C. and Toneshia C. filed this action against the Walton County School District ("WCSD") and Tara Geiser under the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and the Individuals with Disabilities Education Act. *See* [Doc. 1]. On November 14, 2025, Plaintiffs filed an Amended Complaint with the same claims. *See* [Doc. 11]. Plaintiffs' Amended Complaint alleged five causes of action against the WCSD: (1) disability discrimination under Title II of the ADA, (2) disability discrimination under Section 504, (3) retaliation under ADA, (4) retaliation under Section 504, and (5) denial of a free, appropriate education in violation of the IDEA. *See* [Doc. 1]; [Doc. 11]. Plaintiffs also asserted an ADA retaliation claim against Defendant

Geiser. *See* [Doc. 1]; [Doc. 11].

On July 21, 2026, this Court granted in part Defendants' Motion to Dismiss [Doc. 14], dismissing with prejudice Plaintiffs' Counts I, II, and V against the WCSD and their retaliation claim against Defendant Geiser. [Doc. 19]. As a result, only Plaintiffs' ADA and Section 504 retaliation claims against the WCSD remain pending. On August 4, 2026, Defendant WCSD filed an Amended Motion for Extension of Time to Respond to Plaintiffs' Amended Complaint and to File its Rule 12(c) Motion for Judgment on the Pleadings. [Doc. 22]. In its Motion, the WCSD asserts that its Answer to the remaining counts of the Amended Complaint was due on August 4, 2026. [*Id.* at p. 2]. The WCSD, then, agreed to submit its Answer to the Amended Complaint and any Rule 12(c) Motion for Judgment on the Pleadings on or before August 18, 2026. [*Id.*]. Plaintiffs agreed to this request for an extension for the WCSD to file its Answer and its Rule 12(c) Motion for Judgment on the Pleadings. [*Id.* at p. 3]. On August 4, 2026, the Court granted the unopposed Motion and ordered Defendant to file its Answer and any Rule 12(c) motion on or before August 18, 2026. [Doc. 23].

Curiously, just two days later, Plaintiffs filed a Motion for Entry of Final Judgment Under Rule 54(b). [Doc. 24]. In doing so, Plaintiffs ask this Court to enter final judgment as to its July 21, 2026, Order [Doc. 19] dismissing Defendant Geiser from the action and dismissing Counts I, II, and V of Plaintiffs' Amended Complaint with prejudice. *See* [*Id.*]. Plaintiffs argue that the Court's dismissal of Plaintiffs' Counts I, II,

III (as it related to Geiser), and V satisfies Rule 54(b)'s finality requirement and that there is no just reason to delay Plaintiffs' appeal. *See* [*Id.*].

Federal Rule of Civil Procedure 54(b) provides that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." A Rule 54(b) Certification requires a balance of "judicial administrative interests and relevant equitable concerns." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 166 (11th Cir. 1997).

The Eleventh Circuit requires "[c]onsideration of the former factor . . . to ensure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals." *Id.* In the end, "Rule 54(b) certifications must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Id.* (citing *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)).

Plaintiffs' Motion is not among those rare cases involving "special circumstances" justifying a Rule 54(b) certification. *Peden v. Stephens*, 50 F.4th 972, 978 (11th Cir. 2022). The Court has already granted Defendant WCSD's motion for an extension of time to file an Answer or Rule 12(c) motion to be filed by August 18, a mere

week away. In the Court's view, it makes more sense for Plaintiffs to simply await the Court's ruling on Defendant WCSD's imminent 12(c) motion. If granted, the Plaintiffs can appeal the entire case at once, avoiding forbidden piecemeal litigation. If denied, the Plaintiffs can reassess their motion. Indeed, "there is no indication that the delays here would cause anything other than inconvenience." *Id.* Plaintiffs' Motion does not meet the requisite standard for certification and it must be denied.

## CONCLUSION

Based upon the foregoing, the Court **DENIES** Plaintiffs' Motion for Entry of Final Judgment Under Rule 54(b). [Doc. 24].

**SO ORDERED**, this 11th day of August, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**